# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MALDONADO, | Case No.: 1:19-cv-01008-SKO (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| | FINDINGS AND RECOMMENDATION TO DISMISS PETITION |
| CRAIG KOENIG, Warden, | |
| Respondent. | [THIRTY-DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After conducting a preliminary screening of the petition, the Court concludes that the petition fails to present any cognizable grounds for relief. In addition, Petitioner's second claim for relief violates the statute of limitations. Therefore, the Court will recommend that the petition be SUMMARILY DISMISSED.

**I.  PROCEDURAL HISTORY[1]**

On April 24, 2017, Petitioner pled guilty in the Merced County Superior Court to assault with a firearm with an enhancement for personal use of a firearm. He was sentenced to 12 years in state prison.

---
[1] This information is derived from the petition and attached exhibits. (Doc. 1.)

1

On January 28, 2019, Petitioner filed a habeas petition in the Merced County Superior Court which was denied on March 1, 2019. On March 20, 2019, Petitioner filed a habeas petition in the California Court of Appeal, Fifth Appellate District. The petition was denied on March 28, 2019. Petitioner then filed a habeas petition in the California Supreme Court on April 26, 2019. On July 10, 2019, the petition was denied.

On July 24, 2019, Petitioner filed the instant habeas petition in this Court. Petitioner claims he is entitled to resentencing pursuant to California Senate Bill No. 620. He also contends he is entitled to an additional 456 days of presentence custody credits.

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In this case, Petitioner fails to allege a violation of the Constitution or Federal law. It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Petitioner challenges the state court's application of state sentencing laws. Such claims do not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). In order to state a claim for relief, Petitioner must demonstrate that the state committed sentencing error, and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40 (1992). Petitioner has failed to demonstrate such a violation here, because on its face, the petition shows no sentencing error or arbitrariness.

On January 1, 2018, Senate Bill No. 620 amended section 12022.5(c) to state: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." The state court determined that the amendment did not apply to Petitioner as it did not provide independent grounds for resentencing and could not be applied retroactively. This Court is bound by the state court's interpretation of how the amendment enacted by Senate Bill No. 620 applies to state convictions. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam).

Likewise, Petitioner's allegation that he is entitled to half-time presentence credits does not present a colorable federal claim. The state court determined that Petitioner is ineligible for half-time

credits because he pled guilty to a "violent felony" offense within the meaning of Cal. Penal Code §§ 667.5(c) and 2933.1(c). This Court is bound by the state court's interpretation of state law.

In addition, Petitioner's claim concerning presentence credits is untimely. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Pursuant to § 2244(d)(1)(A), the one-year limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. According to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086 (1999) (citing prior Rule of Court, Rule 31(d)).

In this case, judgment was entered on April 24, 2017. Petitioner states he did not file a notice of appeal; therefore, his direct review concluded on June 23, 2017, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA commenced the following day, on June 24, 2017, and concluded one year from that date, on June 23, 2018. Petitioner did not file his federal petition until July 24, 2019, nor did he file anything in the state courts during the limitations period. Thus, his claim concerning presentence credits is untimely by over a year. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

### III. ORDER

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to this case.

### IV. RECOMMENDATION

Based on the foregoing reasons, the Court HEREBY RECOMMENDS that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 1, 2019**          /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE